UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GREEN TREE SERVICING LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION, a government-sponsored entity; FEDERAL HOUSING FINANCE AGENCY, as Conservator of Federal National Mortgage Association,<br><br>                            Plaintiffs,<br><br>v.<br><br>RAINBOW BEND HOMEOWNERS ASSOCIATION; DANIEL HALL; DIANA HALL,<br><br>                            Defendants. | Case No. 3:15-cv-00297-MMD-WGC<br><br>ORDER<br><br>(Motion to Dismiss or in the Alternative for Summary Judgment – dkt. no. 18; Motion for Summary Judgment – dkt. no. 30) |

## I.   SUMMARY

Before the Court are (1) Defendants Rainbow Bend Homeowners Association ("HOA") and Daniel and Diana Hall's ("the Halls") motion to dismiss or in the alternative for summary judgment ("Defendants' Motion") (dkt. no. 18); and (2) Plaintiffs Green Tree Servicing, Federal National Mortgage Association ("Fannie Mae") and Federal Housing Finance Agency, as Conservator of Fanie Mae's ("FHFA") countermotion for summary judgment ("Plaintiff's Motion") (dkt. no. 30). The Court has also reviewed HOA's response (dkt. no. 33) and the parties' respective replies (dkt. nos. 32, 34.)  Additionally, the Court heard oral argument on February 10, 2016. (Dkt. no. 45.) For the reasons discussed below Plaintiffs' Motion is granted in part and denied in part. Defendant's Motion is granted in part and denied in part.

## II.   BACKGROUND

In February of 2004, Shanna Carpenter ("Borrower") purchased real property ("Property") within the HOA. (Dkt. no. 13 ¶ 16) The Borrower obtained a mortgage loan of $106,640 ("the Loan") on the Property and executed a deed of trust ("DOT"), which was assigned to the First National Bank of Nevada. (*Id.* ¶ 17.) Fannie Mae purchased the Loan in May of 2004. (*Id.* ¶ 18.) The DOT was assigned to an intermediary and then eventually to Green Tree Servicing LLC ("Green Tree") in July of 2013. (*Id.* ¶ 20.) Green Tree is the current beneficiary of the DOT and services the Loan for Fannie Mae. (*Id.* ¶21.)

The Borrower failed to pay HOA assessments and the HOA eventually foreclosed on the Property pursuant to NRS § 116.3116 ("Statute"). (*Id.* ¶¶ 24-28.) The HOA purchased the property at the sale for $837. (*Id.* at ¶¶ 34-35.) Title to the Property was then transferred to the Halls. (*Id.* at ¶ 37.) Plaintiffs filed suit seeking quiet title and declaratory relief. (*Id.* at 8-12.)

## III.   LEGAL STANDARD

### A.   Motion to Dismiss

On a Rule 12(b)(6) motion, the court must determine "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir.2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law

and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (citation and internal quotation marks omitted); *see also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

### B.    Summary Judgment

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp.*, 793 F.2d at 1103.

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210

F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV.   DISCUSSION

### A.   Statute

Under NRS § 116.3116, a homeowner's association can establish a "lien on a unit for . . . any assessment levied against that unit or any fines imposed against the unit's owner from the time . . . the assessment or fine becomes due." NRS § 116.3116(1). Section 116.3116 further provides that such a lien "is prior to all other liens and encumbrances on a unit except," among other categories of liens, "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." NRS § 116.3116(2)(b). The Statute, however, contains an exception to this exception, allowing a homeowner's association to establish a lien that takes priority over a first security interest for unpaid assessments over a nine-month period preceding the enforcement of the lien. NRS § 116.3116.[1] The statute also sets out the procedures a homeowner's association must follow in a nonjudicial foreclosure of

---

[1]Section 116.3116 was amended and reorganized in 2015. *See* 2015 Nev. Stat. 1331, 1334. The statute retains the exceptions described above, but creates a separate subsection (NRS § 116.3116(3)), which states that a homeowner's association lien may take priority over a first deed of trust for "[t]he unpaid amount of assessments . . . which would have become due in the absence of acceleration during the 9 months immediately preceding the date on which the notice of default and election to sell is recorded," in addition to certain charges and costs. NRS § 116.3116(3). To avoid confusion over the recently reorganized subsections, the Court will cite to NRS § 116.3116 generally in discussing the provisions that give a homeowner's association a first priority lien.

1   its lien. The parties disagree about whether the statute, at the time in question, required
2   an association to give notice to junior lienholders, or whether junior lienholders must
3   "opt-in" to a notice system. Recent amendments to the statute require individual notice
4   default and notice of sale to all lienors of record via certified mail. S.B. 306 § 3-4, 9(1)
5   2015 Leg., 78th Sess. (Nev. 2015).

6       In 2014, the Nevada Supreme Court ruled that NRS § 116.3116 creates a "true
7   superpriority lien" for 9 months of unpaid homeowner's association assessments and
8   certain charges. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 419 (Nev.
9   2014) (en banc). Accordingly, the court further held, a nonjudicial foreclosure of an HOA
10   lien under NRS § 116.3116 would extinguish any first DOT, so long as certain statutory
11   notice requirements are followed. *See id.* at 411-17. Before *SFR Invs.*, courts across
12   Nevada had interpreted this portion of the statute inconsistently.

13       **B.   Preemption**

14       Plaintiffs' Motion raises the same legal issue as that raised in Fannie Mae's
15   motion for summary judgment in a related case, *LN Mgmt. LLC Series 2543 Citrus*
16   *Garden v. Gelgotas*, No. 2:15-cv-00112-MMD-CWH, 2016 WL 1071005 (D. Nev. Mar.
17   16, 2016). In fact, the Court held a joint hearing for three related cases on February 10,
18   2016.  (Dkt. no. 45.) On the identical legal issue, the Court finds that NRS § 116.3116 is
19   preempted to the extent that it allows an HOA foreclosure sale to extinguish a first DOT
20   held by FHFA as Fannie Mae's conservator without FHFA's consent. The Court
21   incorporates its reasoning in the Order denying Fannie Mae's motion in the related case.
22   *See Gelgotas*, 2016 WL 1071005, at *4.

23       As in *Gelgotas*, Fannie Mae relies in part on the declaration of John Curcio
24   ("Curcio Declaration), Fannie Mae's Assistant Vice President, which includes printouts
25   from Fannie Mae's Servicer and Investor Reporting system. (Dkt. no. 30-1.)  Viewing the
26   evidence submitted with the Curcio Declaration in the light most favorable to the non-
27   moving party, the Court finds that a rational trier of fact could find that Fannie Mae has
28   not demonstrated that it has a property interest in the Property at the time of the HOA

foreclosure sale for the same reasons explained in *Gelgotas*. *See Gelgotas*, 2016 WL 1071005, at *7. Accordingly, although the Court agrees with Fannie Mae on the preemption issue, the Court will deny the Motion.

## C.    Due Process

The Court similarly heard oral argument concerning a due process challenge to the Statute on February 9, 2016. (Dkt. no. 45.) Plaintiffs argue that the Statute is unconstitutional because it allows for their property — their rights under the DOT — to be taken without adequate notice. They argue that the Statute provides only for "opt-in" notice, rather than mandatory notice, and that this arrangement is unconstitutional. Once again the Court incorporates its reasoning from a related case, *Thunder Properties, Inc., v. Treadway*, No. 3:15-CV-00141-MMD-VPC, 2016 WL 1298112, at *2 (D. Nev. Mar. 31, 2016).

As discussed in *Thunder Properties*, the Ninth Circuit has clearly and repeatedly held that nonjudicial foreclosures do not constitute state action for purposes of a due process analysis. *See Charmicor v. Deaner*, 572 F.2d 694 (9th Cir. 1978); *Apao v. Bank of New York*, 324 F.3d 1091, 1095 (9th Cir. 2003). Therefore, Plaintiffs' due process argument falls short, and the Court will grant Defendants' Motion as it relates to Plaintiff's quiet title cause of action based on a due process theory.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is hereby ordered that Plaintiffs' motion for summary judgment (dkt. no. 30) is granted insofar as it requests a declaration that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would allow a foreclosure extinguishing Fannie Mae's interest without the consent of FHFA. Plaintiffs' Motion is denied in all other respects.

///

It is further ordered that Defendant's motion to dismiss or in the alternative for summary judgment (dkt. no. 18) is granted insofar as it seeks dismissal of Plaintiffs' claim based on the constitutionality of the Statute. Defendants' Motion is denied in all other respects.

ENTERED THIS 12th day of April 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

7