1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                          DISTRICT OF NEVADA
10                                 * * *

11  GREEN TREE SERVICING LLC; FEDERAL           Case No. 3:15-cv-00297-MMD-WGC
    NATIONAL MORTGAGE ASSOCIATION;
12  and FEDERAL HOUSING FINANCE                 ORDER
    AGENCY, as Conservator of Federal
13  National Mortgage Association,              (Pl.'s Renewed Motion for Summary
                                                Judgment – ECF No. 58)
14                            Plaintiffs,
         v.
15
    RAINBOW BEND HOMEOWNERS
16  ASSOCIATION; DANIEL HALL; DIANA
    HALL,
17
                              Defendants.
18

19  **I.    SUMMARY**

20       This case concerns a homeowner association's ("HOA") nonjudicial foreclosure

21  sale pursuant to NRS § 116.3116 *et seq*. Before the Court is Plaintiff Green Tree

22  Servicing LLC's ("Green Tree's") Renewed Motion for Summary Judgment ("Motion").

23  The Court has reviewed the Defendants' response (ECF No. 59) and Plaintiff Green

24  Tree's reply (ECF No. 64). The Court also heard oral argument on the pending Motion

25  on August 23, 2017.[1] (ECF No. 67.) Plaintiff's Motion is granted for the reasons

26  discussed below.

27  _____
         [1]Federal National Mortgage Association did not seek summary judgment but
28  participated at the hearing.

## II. BACKGROUND

The facts in this case are not at issue.

Shanna Carpenter purchased real property ("Property") within Defendant Rainbow Bend Homeowners Association ("HOA") in February 2004. (ECF No. 59 at 4.) A month later, Ms. Carpenter borrowed $106,640.00 from the First National Bank of Nevada ("Loan"). (*Id.*) She executed a promissory note ("Note") for that amount which was secured by a deed of trust ("DOT") on the Property. (*Id.*) The Note and DOT were assigned several times, but the parties agree that Green Tree is the current beneficiary under the DOT and servicer of the Loan. (*Id.* at 6-7; ECF No. 58 at 2.)

Ms. Carpenter failed to pay HOA assessments, and the HOA eventually foreclosed on the Property pursuant to NRS § 116.3116 *et seq.* in July 2013. (ECF No. 59 at 5.) The HOA purchased the property at the sale for $837.00. (*Id.*; ECF No. 59-9 at 2.) Defendants Daniel and Diana Hall ("Halls") purchased the Property from the HOA for $12,500.00 about a year and a half later, in December 2014. (ECF No. 59 at 8; ECF No. 59-18 at 4.) Plaintiffs filed suit seeking to quiet title and obtain declaratory relief. (ECF No. 13 at 8-12.)

## III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*,

718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment: "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

Plaintiff Green Tree moves for summary judgment on its first and third claims. This Court will address the first claim because the third claim was dismissed in a prior order. (ECF No. 47 at 7.)

///

///

3

### A. Applicability of *Bourne Valley*

Plaintiff argues that the Ninth Circuit Court of Appeals' decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017), requires this Court to declare that the HOA foreclosure sale did not extinguish Plaintiff's deed of trust ("DOT") because the sale was conducted pursuant to an unconstitutional statute. (ECF No. 58 at 3.) Defendants respond that the opt-in notice scheme remains constitutional (ECF No. 59 at 10-14), and that the facts of this case are materially different from those in *Bourne Valley* (*id.* at 15-16).

In *Bourne Valley*, the Ninth Circuit held that the opt-in notice scheme established in NRS § 116.3116 *et seq.*[2] ("Statute") is facially unconstitutional because it requires a lender with a first position DOT to affirmatively request notice of an HOA's intent to foreclose, which the court found to be a violation of the lender's due process rights. 832 F.3d at 1156. The Ninth Circuit made this decision in light of the Nevada Supreme Court's decision in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 412 (Nev. 2014), in which the state supreme court interpreted the statute to give an HOA a "superpriority" lien on a homeowner's property for up to nine months of unpaid HOA dues that, when foreclosed upon, extinguished all junior interests in the property. *See Bourne Valley*, 832 F.3d at 1156-57. Thus, the Ninth Circuit found that enactment of the statute's opt-in notice scheme "unconstitutionally degraded [the first position lienholder's] interest" and that but for this scheme the first position lienholder's rights in the property would not be extinguished. *Id.* at 1160.

Defendants first contend that the Statute remains constitutional despite the Ninth Circuit's holding in *Bourne Valley*, basing their argument on two decisions by the Nevada Supreme Court that directly contradict *Bourne Valley*. (ECF No. 59 at 10-14.) The first decision, decided before *Bourne Valley*, is *SFR Investments Pool 1 v. U.S. Bank*, 334

///

---

[2]The *Bourne Valley* court referred to NRS § 116.3116 *et seq.* as "the statute." 832 F.3d at 1156. Sections 116.3116 through 116.3117 create the framework by which HOAs may foreclose on their liens through a nonjudicial sale.

P.3d 408, 412 (Nev. 2014). There, the Nevada Supreme Court rejected a mortgage lender's due process challenge to the Statute. *Id.* at 418. The second decision, decided after *Bourne Valley*, is *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017). There, the Nevada Supreme Court held that the foreclosure procedures under the Statute do not violate first position lienholders' due process rights under both the Nevada and United States Constitutions. *Id.* at 972-74.

Defendants' first argument fails because the Ninth Circuit found that the Statute's opt-in notice scheme was unconstitutional under the *federal* constitution. *Bourne Valley*, 832 F.3d at 1157. This Court is not bound by the Nevada Supreme Court's holdings to the contrary. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating that the decision of a state supreme court construing the United States Constitution is not binding on federal courts). Therefore, *Bourne Valley* applies to this Court's determination of whether the HOA's foreclosure sale extinguished Plaintiff's DOT.

Defendants' second argument fails because factual differences are immaterial to the question of whether the opt-in notice scheme is constitutional. The Ninth Circuit held that the opt-in notice scheme was unconstitutional on its face, i.e., "in each and every application." *Bank of Am., N.A. v. Regency Vill. Owner's Ass'n, Inc.*, No. 216-cv-00496-GMN-CWH, 2017 WL 3567520, at *3 (D. Nev. Aug. 17, 2017). "[N]o conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions." *Id.*

### B. Equitable Relief

Plaintiff requests that this Court hold that the HOA foreclosure sale did not extinguish its DOT through its claim for quiet title under NRS § 40.010. (ECF No. 58 at 6.) "At common law, courts possessed inherent equitable power to consider quiet title actions, a power that required no statutory authority." *Shadow Wood Homeowners*

*Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1111 (Nev. 2016) (internal citation omitted); *see also Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951) (An action for quiet title "is a purely equitable proceeding."). Thus, equitable relief may be granted in defective HOA lien foreclosure sales. *Shadow Wood,* 366 P.3d at 1107 ("We . . . reaffirm that, in an appropriate case, a court can grant equitable relief from a defective HOA lien foreclosure sale."). Equitable relief powers are broad. *Brown v. Plata*, 563 U.S. 493, 538 (2011) ("the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies.") (internal quotation marks and citation omitted). A court granting equitable relief should weigh the equities involved, including equity to the public. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("As always when federal courts contemplate equitable relief, our holding must also take account of the public interest.").

The Court finds that the most equitable remedy under the circumstances here is to declare that Plaintiff's DOT still encumbers the Property, a holding consistent with Plaintiff's requested relief and the ruling in *Bourne Valley*. This remedy is equitable with respect to the parties in this case as well as to the general public. As to Plaintiff, this declaration remedies the injury it suffered as a result of the unconstitutional opt-in notice scheme, namely the extinguishment of its lien on the Property. As to the HOA, this remedy allows the sale to remain intact, thereby ensuring that the delinquent assessments for which the HOA foreclosed upon the Property remain satisfied.[3] As to the Halls, this result is equitable because the purchase of the Property entailed a risk that the statutory framework that enabled the HOA to sell the Property at such a discounted price would be found to be unconstitutional (as litigation challenging the constitutionality of the opt-in notice scheme in federal and state court had already begun). As to the general public, this remedy is equitable because it preserves market

---

[3]If the Court were to invalidate the sale, the HOA would face the additional difficulty and expense of tracking down Ms. Carpenter. Moreover, the HOA would have to foreclose upon the Property once again in order to satisfy the nine months of delinquent assessments in the event Ms. Carpenter declined to cure the default.

stability. Alternatives such as setting aside the foreclosure sale would create chaos, as both parties agreed at the hearing on August 23, 2017.

Therefore, the Court resolves Plaintiff's quiet title claim in favor of Plaintiff. This resolution moots Plaintiff's second claim. (ECF No. 58 at 5.)

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of Plaintiff's Motion.

It is therefore ordered that Plaintiff Green Tree's Motion for Summary Judgment (ECF No. 58) is granted. The Court finds that the HOA foreclosure sale did not extinguish Plaintiff's DOT, which continues to encumber the Property.

The Clerk is instructed to enter judgment in favor of Green Tree on its quiet title claim and close this case.

DATED THIS 20th day of September 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE